Ella JONES, Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 03–2212.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 18, 2003.

Decided Dec. 10, 2003.

Abraham S. Alter, Langton & Alter, Rahway, NJ, for Appellant.

Anthony J. LaBruna, Jr., Office of United States Attorney, Newark, NJ, for Appellee.

Before RENDELL, BARRY, and CHERTOFF, Circuit Judges.

OPINION

BARRY, Circuit Judge.

## I. BACKGROUND

The parties are familiar with the facts of this case and, thus, we will provide a brief summary of those facts at the outset, incorporating additional facts only as necessary to our discussion of the issues.

Ella Jones applied for Supplemental Security Income on May 6, 1994, claiming that her severe arthritis rendered her disabled and unable to work. The application was denied both initially and on reconsideration. Jones filed a request for *de novo* review before an Administrative Law Judge (ALJ). The ALJ held a hearing and, on July 17, 1996, denied her application. Jones appealed to the Appeals Council, which remanded her claim, instructing the ALJ to obtain further information from her treating physician, Dr. Raoulf Elias, who had written a letter concluding that she was unable to work.

Following a new hearing before the ALJ, Jones' application was denied. She appealed to the Appeals Council, which denied review. Jones filed suit in the U.S.

District Court for the District of New Jersey challenging the Commissioner's final determination. On March 3, 2003, the District Court affirmed the ALJ's denial of benefits, and Jones appeals.

We have jurisdiction to review the order of the District Court pursuant to 28 U.S.C. § 1291, and will affirm.

## II. DISCUSSION

Substantial evidence supported the ALJ's decision. Substantial evidence "'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.1999) (citing *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 2545, 101 L.Ed.2d 490 (1988)). We have held that this standard is "deferential," *Schaudeck v. Comm'r of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir.1999), and that "[w]e will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." *Hartranft,* 181 F.3d at 360. Our review of the legal issues relating to whether the evidence

supporting the ALJ's opinion is substantial is plenary. *Schaudeck,* 181 F.3d at 431.

The ALJ appropriately applied the five-step test outlined in 20 C.F.R. § 416.920 in order to determine whether Jones is disabled as defined in 42 U.S.C. § 1382c(a)(3)(A)-(B).[1] There is no dispute as to the first two steps of this test,[2] and Jones makes only passing reference in her "Summary of Argument" and "Conclusion" to her disagreement with the ALJ's analysis at step three.[3] Jones disputes the ALJ's conclusion as to the fourth step: her residual functional capacity. The ALJ concluded that Jones is capable of "medium work," *i.e.* activity involving lifting up to 50 pounds at a time, with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 416.967(c). Substantial evidence supports this conclusion: the state agency's medical consultant, and examinations performed by Dr. Shanawani and Dr. Ahmed, found little objective medical evidence to support Jones' complaints of pain. The ALJ also noted that it became apparent at Jones' first hearing that she had not been taking her medications as prescribed, further impugning her credibility.[4]

---

1. "[A]n individual shall be considered to be disabled ... if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

2. Jones has not engaged in substantial gainful activity and she suffers from a severe medical impairment.

3. Jones's impairment does not meet or equal the level of severity of any impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Her mentioning of her disagreement with the ALJ's conclusion, without more, fails to ade-

quately address this argument and thereby bring the issue before us on appeal. *See Simmons v. City of Philadelphia,* 947 F.2d 1042, 1066 (3d Cir.1991)("a passing reference to an issue in a brief will not suffice to bring that issue before this court on appeal.").

4. The ALJ also pointed to Jones' caring for her grandchildren, and a car trip she took from New Jersey to Georgia without stopping. We do not rely on those facts. First, Jones testified repeatedly that, though she has custody of her grandchildren, her daughter (the grandchildren's aunt) does almost all of the work caring for them. The car trip to Georgia, though a compelling anecdote, is superfluous in light of the medical evidence presented.

Jones' testimony regarding the pain and stiffness she suffers, and the conclusory letters from her treating physician, Dr. Elias, stating that she cannot work, do not persuasively rebut the ALJ's conclusion. The ALJ must give great weight to a claimant's testimony "when this testimony is supported by competent medical evidence." *Schaudeck,* 181 F.3d at 433. Here, however, Jones' testimony is not supported by such evidence in the three detailed medical assessments in the record. As for Dr. Elias' letters, they do not present any "medical signs or laboratory findings [that] show that a medically determinable impairment(s) is present," as required by 20 C.F.R. § 416.929(b).[5] That Dr. Elias prescribed numerous medications for Jones' pain does not overcome this shortcoming.

Finally, we conclude that the ALJ adequately addressed Jones' evidence and explained why it was not convincing in the face of the aforementioned contradictory evidence. *See Cotter v. Harris,* 642 F.2d 700, 704 (3d Cir.1981) (the ALJ's decision "should be accompanied by a clear and satisfactory explanation of the basis on which it rests"); *Schaudeck,* 181 F.3d at 433 (the decision must contain a "thorough discussion and analysis" of all of the evidence, and include a "resolution of any inconsistencies" and a "logical explanation of the individual's ability to work") (quoting Social Security Rule ("S.S.R.") 95–5P, 1995 WL 670415, at *2).

The order of the District Court will be affirmed.

---

5. For example, these findings could include evidence of "reduced joint motion, muscle spasm, sensory deficit or motor disruption." 20 C.F.R. § 416.929(c)(2).